```
                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF OHIO


ANTHONY PERRY,                   )    CASE NO. 1:11 CV 1218
                                 )
        Plaintiff,               )    JUDGE DAN AARON POLSTER
                                 )
    v.                           )
                                 )    MEMORANDUM OF OPINION
DONALD C. NUGENT, Judge, et al., )    AND ORDER
                                 )
        Defendants.              )
```

On June 14, 2011, Plaintiff *pro se* Anthony Perry filed this *in forma pauperis* action against the following defendants: U.S. District Judge Donald C. Nugent, Ohio House Speaker William G. Batchelder, Ohio Senate President Tom Niehaus, Ohio Governor John Kashich, Ohio Supreme Court Justice Maureen O'Connor, and Ohio Attorney General Mike DeWine. The "Complaint for Reclamation" (ECF Doc. No. 1) seeks to "rectify, reclaim and reengineer" the government. Complaint, p.10. Plaintiff seeks damages of $50 million, and placement of "Ohio Reclamation Amendments," attached to the Complaint, on the Ohio ballot for voter approval.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

The allegations set forth in the Complaint do not set forth a valid claim for relief under the *Iqbal* standard. Further, it is evident Plaintiff is simply dissatisfied with Judge Nugent's dismissal of N.D. Ohio Case No.1:11 CV 1218, *Perry v. Batchelder*. Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages.

*Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. Plaintiff alleges no facts to show that either of these criteria has been met in this case.

Based on the foregoing, this case is dismissed pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

/s/Dan Aaron Polster 7/11/11
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE